| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS:**<br>DANIEL J. "CORKY" SHERMAN, CHAPTER 7 TRUSTEE | **DEFENDANTS:**<br>BEN K. BARRON; SAFEBUY PROPERTIES, LLC.; GLAZER BUSINESS INVESTMENT CO., LTD.; VALRIE FARMER; THOMAS B. KELLY; KIMBERLY M. KELLY; CLAUDE P. LEMIEUX; and LEMIEUX HOLDINGS LLC d/b/a LEMIEUX HOLDINGS COMPANY, LLC |
|---|---|
| **ATTORNEYS:** (Firm Name, Address and Telephone No.)<br><br>Christopher J. Volkmer<br>Michael W. Sebesta<br>CAVAZOS HENDRICKS POIROT, P.C.<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Phone: (214) 573-7300 | **ATTORNEYS:** (If Known) |

| **PARTY:** (Check One Box Only)<br><br>☐ Debtor        ☐ U.S. Trustee/<br>☐ Creditor              Bankruptcy Admin<br>☒ Trustee        ☐ Other | **PARTY:** (Check One Box Only)<br><br>☐ Debtor        ☐ U.S. Trustee/<br>☐ Creditor              Bankruptcy Admin<br>☐ Trustee        ☒ Other |
|---|---|

**CAUSE OF ACTION:** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory judgment under 11 U.S.C. §541; turnover under 11 U.S.C. §§542 & 543; avoidance under 11 U.S.C. §544, 547, 548 and Tex. Civ. Prac & Rem. Code 31.002 and Tex. Bus. & Com. Code 24.006; recovery under 11 U.S.C. §550.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/ decree
☐ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

Other:
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: **$475,000.00 or such amount as Court deems appropriate** |

Other Relief Sought:

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR:** <br> SAFEBUY, LLC | **BANKRUPTCY CASE NO.:** <br> 19-33084-sgj7 | |
| **DISTRICT IN WHICH CASE IS PENDING:** <br> Northern District of Texas | **DIVISIONAL OFFICE:** <br> Dallas | **NAME OF JUDGE:** <br> Jernigan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF:** Glazer Business Investment Co., Ltd., et al. | **DEFENDANT:** SafeBuy, LLC, et al. | **ADVERSARY PROCEEDING NO.:** 19-03241-sgj (PRESENTLY ABATED) |
| **DISTRICT IN WHICH ADVERSARY IS PENDING:** Northern District | **DIVISIONAL OFFICE** <br> Texas | **NAME OF JUDGE:** <br> Jernigan |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Michael W. Sebesta <br> Michael W. Sebesta | | |
| **DATE:** <br> March 2, 2020 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Michael W. Sebesta | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Christopher J. Volkmer
State Bar No. 20607800
Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573- 7306
Email: msebesta@chfirm.com

Special Counsel for Daniel J. "Corky" Sherman, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | Case No. 19-33084-sgj7 |
| SAFEBUY, LLC, | § | |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |
| DANIEL J. ("CORKY") SHERMAN, CHAPTER 7 TRUSTEE, | § | |
| | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Adversary No. 20- _____ |
| BEN K. BARRON; SAFEBUY PROPERTIES, LLC.; GLAZER BUSINESS INVESTMENT CO., LTD.; VALRIE FARMER; THOMAS B. KELLY; KIMBERLY M. KELLY; CLAUDE P. LEMIEUX; and LEMIEUX HOLDINGS LLC d/b/a LEMIEUX HOLDINGS COMPANY, LLC, jointly and severally, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

# TRUSTEE'S COMPLAINT FOR TURNOVER AND TO AVOID AND RECOVER TRANSFERS

COMES NOW, Daniel J. "Corky" Sherman, duly appointed Chapter 7 Trustee (the

"Trustee" or "Plaintiff") for the bankruptcy estate of SafeBuy, LLC (the "Debtor" or "SafeBuy,

LLC"), in the above-referenced Chapter 7 Bankruptcy Case and, files this his **Complaint for**

**Turnover and to Avoid and Recover Transfers** (the "Complaint") and would respectfully

show the Court as follows:

**Trustee's Complaint for Turnover and to Avoid and Recover Transfers** **Page 1 of 15**

## I. INTRODUCTION

1.      In this Complaint, the Trustee seeks the Court's determination that certain funds in the amount of $475,000.00 (the "Funds") are property of the Debtor's estate.  These Funds were transferred from the Debtor's operating account into the IOLTA account of its attorney Ben K. Barron ("Barron").  The surrounding facts and circumstances lead the Trustee to conclude that the Funds belong to the Debtor's estate, and any other claims to or interests in the funds are derivative and avoidable.  To the extent applicable, the Trustee also seeks to avoid any interests in the funds created as a result of underlying state court litigation.

## II. JURISDICTION AND VENUE

2.      This Complaint is an adversary proceeding brought pursuant to Rule 7001, Federal Rules of Bankruptcy Procedure, and 11 U.S.C. §§541, 542, 543, 544, 547, 548 and 550, and Tex. Civ. Prac & Rem. Code 31.002 and Tex. Bus. & Com. Code 24.006.

3.      This adversary proceeding relates to the bankruptcy case of SafeBuy, LLC, Bankr. Case No. 19-33084-sgj7, under Chapter 7 of the of Title 11 of the United States Code (the "Bankruptcy Code"). This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1334 and 157.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

5.      The Trustee consents to entry of final orders or judgment by the Bankruptcy Court in this adversary proceeding.

## III. PROCEDURAL STATUS

6.      On September 4, 2019 an involuntary petition was filed in this court commencing a case against the Debtor under Chapter11 of the Bankruptcy Code (the "Involuntary Case").

7.      On October 14, 2019 the Debtor filed its own voluntary petition in this court commencing a case under Chapter 7 of the Bankruptcy Code (the "Voluntary Case").

8.      On October 30, 2019 the Court entered its *Order Granting Motion to Consolidate SafeBuy, LLC Cases and De-Jointly Administer Related Cases* which converted the Involuntary Case to a case under Chapter 7 and consolidated the Voluntary Case with and into the Involuntary Case to form one case under Chapter 7 of the Bankruptcy Code (the "Case").  That Order provided that the bankruptcy petition date shall be, and is, September 14, 2019 (the "Petition Date").

9.      On November 4, 2019 the Court entered an *Order for Relief in an Involuntary Case* in the Case, which is now pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division as Case No. 19-33084-sgj7 – the instant case.

### IV.  PARTIES

10.     Daniel J. Sherman is the Chapter 7 Trustee for the bankruptcy estate of the above referenced Debtor.

11.     Defendant Ben K. Barron is an individual who may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to him at his usual place of business: 4516 Lovers Lane #280; Dallas, TX 75225-6925.

12.     Defendant SafeBuy Properties, LLC ("Properties") is a Texas Limited Liability Corporation that may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to:

> a.  Its Registered Agent:  Kyle C. Hooper at 500 N. Akard St., Ste. 3500, Dallas, TX 75201; and
>
> b.  On information and belief, its Chief Executive Officer or Manager: Frederick D Feigl at 3322 Shorecrest Dr., Ste 235, Dallas, TX 75235.

13.     Defendant Glazer Business Investment Company, Ltd. ("Glazer") is a Texas Limited Partnership that may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to:

a. Its Registered Agent: Lisa R. Newman at 16475 Dallas Parkway, Suite 395, Addison, TX 75001; and

b. Its President: Larry Glazer at 3 Arrowhead Estates Ct., St. Louis, MO 63017.

14. Defendant Valrie Farmer ("Farmer") is an individual who may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to her at 3208 Latham Dr., Dallas, TX 75229-3844.

15. Defendant Thomas B. Kelly ("Thomas") is an individual who may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to him at 7623 Morton St., Dallas, TX 75209-4011 and, by agreement, by emailing a copy of the Summons and Complaint to his counsel Patrick Coffin at patrick@etglawfirm.com.

16. Defendant Kimberly M. Kelly ("Kimberly") is an individual who may be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to her at 9125 Almond St., Alta Loma, CA 91737-1501 and, by agreement, by emailing a copy of the Summons and Complaint to her counsel Patrick Coffin at patrick@etglawfirm.com.

17. Defendant Claude P. Lemieux ("Lemieux") is an individual who may, on information and belief, be served in accordance with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to him at 16 Highpoint, Newport Coast, CA 92657-1630 and, by agreement, by emailing a copy of the Summons and Complaint to his counsel Patrick Coffin at patrick@etglawfirm.com.

18. Defendant Lemieux Holdings LLC d/b/a Lemieux Holdings Company, LLC ("Lemieux Holdings") is an Arizona Limited Liability Company that may be served in accordance

with Fed. R. Bankr. P. 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of

the Summons and Complaint to:

    a. Its Manager: Deborah Lemieux at 6008 N Saguaro, Paradise Valley, AZ 85253;

    b. Its Registered Agent: Claude Lemieux at 2021 E. Camelback Rd Ste A38, Phoenix, AZ 85016;

    c. Its Registered Agent: David E. Shein Esq, Chester & Shein PC; 8777 N Gain, Scottsdale, AZ 75258; and

    d. By agreement, by emailing a copy of the Summons and Complaint to his counsel: Patrick Coffin at patrick@etglawfirm.com.

## V.  FACTS

19.     Pursuant to 11 U.S.C. §§541 and 543, the Trustee seeks a determination that the Funds are property of the Debtor and seeks turnover of such Funds.  Pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and Tex. Civ. Prac & Rem. Code 31.002 and Tex. Bus. & Com. Code 24.006, the Trustee seeks to avoid any interest claimed by any of the defendants in the Funds.

20.     At all relevant times, the Debtor maintained an operating account at Wells Fargo, account number ending in 3177 (the "Debtor's Account").  The Debtor's Account was the main operating account of the Debtor. The Debtor could use and did use the Debtor's Account to pay its creditors or other parties.  Deposits into the account were received from many sources.

21.     At all relevant times, there were no restrictions on the use of funds on deposit in the Debtor's Account, and the Debtor had unrestricted access to funds in the Debtor's Account. No creditor of SafeBuy LLC had an account control agreement or by which it could claim a security interest in any funds in the Debtor's Account.

22.     On August 14, 2019, the Funds in the amount of $475,000 were transferred (the "Transfer") by ACH from the Debtor's Account to the IOLTA account of Ben K. Barron.

**Trustee's Complaint for Turnover and to Avoid and Recover Transfers**        **Page 5 of 15**

23.     At the time of the Transfer, a lawsuit was pending by Glazer and Farmer against the Debtor, as well as its affiliate Properties, and its insiders Fredrick D. Feigl ("Feigl") and Leeman Stiles ("Stiles") in the 192nd District Court of Dallas County Texas (the "State Court Suit"). [1] The Glazer and Farmer claims in the State Court Suit arose from loans (the "Loans") they made to the Debtor.  The Glazer loan to the Debtor was for the principal amount of $1 million, made on or about July 1, 2017.   Farmer made multiple loans to the Debtor on various dates that had an aggregate principal amount of $80,000.00.   The Loans purported to be secured by inventory and accounts receivable and the proceeds thereof.  On information and belief, at the time of the Transfer, Feigl owned 50% of the shares of the Debtor, and Stiles owned the other 50%.   On information and belief, at the time of the Transfers, Feigl owned 50% of Properties and Stiles owned the other 50%.

24.     The Glazer and Farmer Loans were substantially similar in structure to dozens of other loans (the "Lender Loans") made to the Debtor (the "Lenders").  The Lender Loans, like the Loans, purported to be secured.  On information and belief, many Lender Loans pre-date the Glazer loan, and perhaps some of the Farmer Loans.

25.     At the time of the Transfer, Defendant Barron was representing the Debtor as well as Properties, Feigl and Stiles in the State Court Suit. [2]

26.     On information and belief, at the time of the Transfer, Feigl owned 50% of the shares of the Debtor, and Stiles owned the other 50%.  On information and belief, at the time of the Transfers, Feigl owned 50% of Properties and Stiles owned the other 50%.

27.     On August 19, 2019, five days after the Transfer, the state court signed an agreed order (the "Injunction Order") in the State Court Suit directing that Properties deposit $400,000

---

[1] The State Court Suit was removed to this court, forming adversary proceeding No. 19-03241, and is presently abated.   This complaint is being filed pursuant to the decision abating that adversary, and in accordance with such decision, this complaint is not asserting alter ego claims.
[2] Feigl and Stiles have each filed personal bankruptcy, and thus are not named as parties in this suit.

**Trustee's Complaint for Turnover and to Avoid and Recover Transfers** **Page 6 of 15**

into the IOLTA account of Barron. The state court further ordered that of the remaining $130,000 of proceeds, $55,000 "shall be used to pay Safebuy Properties, LLC's existing debts, and $75,000 shall be used by Safebuy Properties, LLC to hire attorneys." By that date, the Funds had been in Barron's account for several days.

28. On August 22, 2019, Thomas, Kimberly, Lemieux and Lemieux Holdings (collectively, the "Kelly Parties") filed an Original Petition in Intervention in the State Court Suit, asserting essentially the same claims as Glazer and Farmer arising from loans that appear to be like the Loans and the Lenders Loans. On information and belief, the Debtor has unpaid Lender Loans totaling approximately $1 million that pre-date Kelly Parties' loans.

29. The Debtor's tax return for the year 2018 reflects that it lost over $6,762,860 that year, and at year end had liabilities of $19,671,009, with assets of just over $5,032,489. The Trustee has ascertained that this liability includes Lender Loans, totaling approximately $15 million, that are substantially the same in form and structure as the Loans to Glazer, Farmer and the Kelly Parties.

30. The Debtor's schedules filed in this Case reflect assets of $989,045.07, and liabilities of $17,902,197.94 as of the Petition Date.

31. Available assets in this case total less than $150,000.00, and it is unclear whether any additional assets will become available to satisfy the Debtor's creditors.

32. The Trustee has ascertained that the Debtor's liabilities at the time of the Transfer included (and still include) Lender Loans, totaling over $15 million, that are substantially the same as the Loans from Glazer, Farmer and the Kelly Parties. As of February 28, 2020, the Claims Register for this case reflects claims totaling $11,806,368.24, of which $8,754,309.24 is filed as secured claims. On information and belief, most of the claims filed as secured claims arise from Lender Loans.

33.     The Trustee has communicated with counsel for Glazer and Farmer.  Based on that communication, it is at least possible that Glazer and Farmer may claim an interest in the funds arising from the proceedings in the State Court Suit.

34.     The Trustee has communicated with counsel for the Kelly Parties.  Based on that communication, it is at least possible that the Kelly Parties claim an interest in the funds arising from the proceedings in the State Court Suit.

## VI.  CLAIMS

### COUNT 1 - DECLARATORY JUDGMENT PURSUANT TO 11 U.S.C. §541 WITH RESPECT TO OWNERSHIP OF FUNDS

35.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

36.     The Trustee requests that the Court find and determine that the Funds are property of the Debtor's estate pursuant to 11 U.S.C. §541.

37.     Alternatively, the Trustee requests that the Court find and determine that the Debtor's estate has an interest in the Funds pursuant to 11 U.S.C. §541.

### COUNT 2 – TURNOVER OF FUNDS FROM BARRON AND PROPERTIES PURSUANT TO 11 U.S.C. §542

38.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

39.     Barron is in possession of the Funds transferred to his IOLTA account from the Debtor's operating account.

40.     The Funds are property that the trustee may use, sell or lease under section 363 of the Bankruptcy Code.

41.     The Debtor may not exempt the Funds under section 522 of the Bankruptcy Code.

42.     Pursuant to 11 U.S.C. §542, the Trustee requests that the Court order Barron to forthwith turnover and deliver the Funds to the Trustee.

**COUNT 3 - TURNOVER OF FUNDS FROM BARRON AND PROPERTIES
PURSUANT TO 11 U.S.C. 543**

43.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

44.     Barron is a custodian of the Funds transferred to his IOLTA account from the Debtor's operating account.  The funds are therefore property of the Debtor's estate.

45.     Pursuant to 11 U.S.C. §543, the Trustee requests that the Court order Barron to forthwith turnover the Funds to the Trustee.

**COUNT 4 - AVOIDANCE OF ANY PROPERTIES', GLAZER'S, FARMER'S AND
KELLY PARTIES' INTERESTS IN THE FUNDS PURSUANT TO 11 U.S.C. §547**

46.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

47.     To the extent that (a) the Transfer of the Funds from the Debtor's Account to the Barron IOLTA account; or (b) any action in or by the State Court Suit, including the Injunction Order and the intervention by the Kelly Parties, created or increased any interest by such parties in the Funds, the Trustee asserts that:

       a.     Such transfer(s) are transfers of an interest of the Debtor in property;

       b.     Such transfer(s)were made to or for the benefit of one or more such parties, who were creditors of the Debtor;

       c.     Such transfer(s)were made to and for the benefit of such parties;

       d.     Such transfer(s)were made for or on account of an antecedent debt owed by the Debtor before such transfer(s) were made;

       e.     Such transfer(s)were made while the Debtor was insolvent;

       f.     Such transfer(s)were made on or within 90 days before the Petition Date; and

g.      Such transfer(s) enabled such parties to receive more than such parties

would have received if the case were a case under Chapter 7 of the

Bankruptcy Code, the transfer(s) had not been made, and such parties

received payment on their debt to the extent provided by the provisions of

the Bankruptcy Code.

48.     The transfer(s) are, therefore, avoidable pursuant to Section 547(b) of the

Bankruptcy Code.

**COUNT 5 - AVOIDANCE OF PROPERTIES', GLAZER'S, FARMER'S, KELLY PARTIES', INTERESTS IN THE FUNDS PURSUANT TO 11 U.S.C. §544(a) AND TURNOVER PURSUANT TO TEX. CIV. PRAC. & REM. CODE 31.002(a), (b)(1).**

49.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged

in full herein.

50.     Pursuant to 11 U.S.C. § 544(a), the trustee shall have, as of the commencement of

the case, and without regard to any knowledge of the trustee or of any creditor, the rights and

powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the

debtor that is voidable by—

a.      a creditor that extends credit to the debtor at the time of the commencement

of the case, and that obtains, at such time and with respect to such credit, a

judicial lien on all property on which a creditor on a simple contract could

have obtained such a judicial lien, whether or not such a creditor exists; or

b.      a creditor that extends credit to the debtor at the time of the commencement

of the case, and obtains, at such time and with respect to such credit, an

execution against the debtor that is returned unsatisfied at such time,

whether or not such a creditor exists.

51.     Because Section 544 gives the Trustee the rights and powers of a creditor that has obtained, as of the Petition Date, a judgment on a contract against the Debtor the Trustee may assert such rights with respect to the Funds.

52.     Pursuant to Tex. Civ. Prac. & Rem. Code 31.002(a), as a hypothetical judgment creditor, the Trustee is entitled to aid from the court in obtaining turnover of the Funds.  That provision states:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

> Tex. Civ. Prac. & Rem. Code 31.002(a)

53.     Pursuant to Tex. Civ. Prac & Rem. Code 31.002(b)(1), the Trustee requests that the Court order turnover of the Funds to the Trustee.  That provision states:

> "The Court may order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution.

> Tex. Civ. Prac. & Rem. Code 31.002(b).

54.     The Trustee therefore requests that the Court order turnover of the Funds to the Trustee, in his capacity as a hypothetical judicial lien creditor, and dissolve the Injunction Order.

55.     The Trustee further requests that the Court avoid any and all interests asserted by other parties, including Properties, Glazer, Farmer, the Kelly Parties, and the Entrust Group [3] in the Funds as inferior to the rights of the Trustee as a hypothetical judicial lien creditor as of the Petition Date.

---

[3] Assuming the Court denies the Trustee's Motion to Dismiss.

**Trustee's Complaint for Turnover and to Avoid and Recover Transfers**          **Page 11 of 15**

### COUNT 6 - AVOIDANCE OF ANY PROPERTIES' INTERESTS
### IN THE FUNDS PURSUANT TO 11 U.S.C. §544(b) AND THE TEXAS UNIFORM
### FRAUDULENT TRANSFER ACT §24.006

56. The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

57. Pursuant to 11 U.S.C. §544(b), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of Title 11 U.S.C. or that is not allowable only under section 502(e) of this title.

58. Pursuant to 11 U.S.C. §544, the Trustee has the rights of a creditor within the meaning of the Texas Uniform Fraudulent Transfer Act ("TUFTA") (Tex. Bus. & Com. Code. 24.001 *et seq.*).

59. To the extent, if any, that the Transfer of Funds from the Debtor's account to the Barron IOLTA account was a transfer, pursuant to TUFTA 24.006 the Trustee asserts that such transfer was fraudulent as to a creditor whose claim arose before the transfer was made and the debtor:

    a. made or incurred the transfer without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation; or

    b. the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

60. The Trustee therefore requests that any such transfer be avoided pursuant to TUFTA 24.006.

### COUNT 7 - FRAUDULENT TRANSFERS AGAINST
### BARRON AND PROPERTIES' UNDER 11 U.S.C. § 548

61.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

62.     To the extent, if any, that the Transfer of Funds from the Debtor's account to the Barron IOLTA account resulted in a transfer, the Trustee asserts that such transfer was a fraudulent transfer and asserts the following:

        a.    The Debtor received less than a reasonably equivalent value in exchange for such transfer; and,

            i.    was insolvent on the date that such transfer was made, or became insolvent as a result of such transfer; or

            ii.    was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

            iii.    intended to incur, or believed then the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

63.     Any transfer made to Barron or Properties is, therefore, avoidable pursuant to Section 548(a) of the Bankruptcy Code.

### COUNT 8 - RECOVERY FROM BARRON, PROPERTIES, GLAZER, FARMER
### AND/OR KELLY PARTIES PURSUANT TO 11 U.S.C. § 550(a)

64.     The Trustee incorporates the foregoing paragraphs of this Complaint as if alleged in full herein.

65.      To the extent, if any, that the Injunction Order or any other actions in the State Court Suit and/or the Transfer of Funds from the Debtor's account to the Barron IOLTA account was an avoidable transfer under Chapter 5 of the Bankruptcy Code, the Trustee asserts that Barron,

Properties, Glazer, Farmer and/or the Kelly Parties are:  (a) an initial transferee of the transfer; or (b) the entity for whose benefit such transfer was made; or (c) an immediate or mediate transferee of the initial transferee of such transfer.

66.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover the amount of $475,000 for the benefit of the estate from Barron and Properties and $400,000 from Glazer, Farmer and/or the Kelly Parties.

## VII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Daniel J. "Corky" Sherman, Chapter 7 Trustee for the Debtor respectfully prays that this Court enter judgment in favor of the Trustee:

1.     Declaring that the Funds are property of the Debtor's estate pursuant to 11 U.S.C. §541;

2.     Alternatively, declaring that the Debtor's estate has an interest in the Funds pursuant to 11 U.S.C. §541;

3.     Ordering Ben Barron and Properties to forthwith turnover and pay the Funds in the amount of $475,000, or such other amount as the court determines as just and proper, to the Trustee pursuant to 11 U.S.C. §542;

4.     Ordering Ben Barron and Properties to forthwith turnover and pay the Funds in the amount of $475,000, or such other amount as the court determines as just and proper, to the Trustee pursuant to 11 U.S.C. §543;

5.     Avoiding any interest(s) that Properties, Glazer, Farmer and/or Kelly Parties have in the Funds pursuant to 11 U.S.C. §547(b);

6.     Avoiding any interest(s) that Properties, Glazer, Farmer, Kelly Parties and/or Properties have in the Funds pursuant to 11 U.S.C. §544(a), awarding turnover of the Funds pursuant to Tex. Civ. Prac. & Rem. Code 31.002(b), and dissolving the Glazer Injunction;

7.      Avoiding any interests Barron and/or Properties have in the Funds pursuant to 11 U.S.C. §544(b) and Tex. Bus. & Com. Code §24.006;

8.      Avoiding any transfer of the Funds to Barron and/or Properties pursuant to 11 U.S.C. §548;

9.      Awarding the Trustee recovery of the Funds or the amount thereof, to wit, $475,000, from Barron and Properties;

10.     Awarding the Trustee recovery of $400,000 of the Funds from Glazer, Farmer, and/or the Kelly Parties as appropriate pursuant to 11 U.S.C. §550(a);[4]

11.     Awarding the Trustee interest, costs of court, and attorneys' fees if warranted under applicable law.

Respectfully submitted,

/s/ Michael W. Sebesta
Christopher J. Volkmer
State Bar No. 20607800
Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573- 7306
Email: msebesta@chfirm.com

Special Counsel for Daniel J. "Corky" Sherman, Trustee

---

[4] The Trustee is not seeking a double recovery, and seeks a maximum recovery of $475,000.00 in this suit.

**Trustee's Complaint for Turnover and to Avoid and Recover Transfers**                    **Page 15 of 15**